**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL CASE NO. 1:09cv382**

| | | |
|---|---|---|
| **IRENE A. KAEDING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OF** |
| **vs.** | ) | **DECISION AND ORDER** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

_____

**THIS MATTER** is before the Court on the Plaintiff's Motion for

Summary Judgment [Doc. 14] and the Defendant's Motion for Judgment on

the Pleadings.  [Doc. 20].

## I.    PROCEDURAL HISTORY

At issue in this matter is the Social Security Administration's

determination that Plaintiff's Social Security Retirement Insurance Benefits

must be reduced by its $9,322.00 overpayment of benefits.  The Agency

claims that this sum resulted from Plaintiff's failure to make required reports

about benefits subject to government offset.  Plaintiff claims that this sum is miscalculated and that she does not owe it.

The Plaintiff Irene Kaeding began receiving Social Security retirement benefits in November 1990 at age 62.  [Transcript ("T.") 214].  Nine months before she turned 65, her husband turned 65 and retired, triggering her receipt of "wife's benefits".  [T. 88, 216, 219].  Both benefits were subject to government offset due to Plaintiff's receipt of a state teacher pension in 1990 from wages upon which she did not pay into Social Security.  [T. 30].  From time to time, she received increases in her teacher pension benefit.  [T. 215, 307].  She reported one such increase to SSA in 2003 [T. 47-50], resulting in SSA's recalculation of her benefits and in its discovery that it had overpaid Plaintiff by $9,332.00 because of unreported previous increases.  [T. 54-8].

SSA initiated withholding from her monthly benefits to recoup the overpayment.  [T. 51-2].  She appealed this administratively [T. 59-65, 78-91, 101-109], reaching hearing stage with Administrative Law Judge ("ALJ") William Hauser, who remanded the case without hearing.  [T. 166-7].  On remand, the SSA affirmed that she was overpaid in the original

amount stated[1].  [T. 16, 214-221, 234-238].  The Plaintiff appealed again,

and a hearing was held wherein she appeared *pro se* before ALJ Ivar

Avots.  [T. 293-332  ].  ALJ Avots's decision confirmed the $9,322.00

overpayment.  [T. 20].  Plaintiff appealed this to the Appeals Council, which

denied review.  [T. 5-7].  The Plaintiff has exhausted her available

administrative remedies, and this case is now ripe for review pursuant to 20

CFR 404.981.

Original and subsequent calculations of the Plaintiff's benefits

involved the application of 42 U.S.C. § 402, 42 U.S.C. § 416(l), 42 U.S.C. §

402(q), 42 U.S.C. § 42(k)(3)(A), 42 U.S.C. § 402(b)(2), and 42 U.S.C. §

402(k)(5)(A) ("Government Pension Offset").

## II.    STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited

to (1) whether substantial evidence supports the Commissioner's decision,

see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28

L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct

legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

_____

[1]SSA's recomputation also indicated the discovery of additional overpayments
due from Plaintiff's failure to report post-2003 teacher pension increases. [T. 215, 238].
Those are not a subject of this appeal.

3

The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.    THE ALJ'S DECISION

On June 28, 2007, the ALJ issued a decision confirming the Reconsideration Determination of the Social Security Program Service Center that Plaintiff had been overpaid in the amount of $9322.00 in Retirement Insurance Benefits. [T. 20]. The cause of the overpayment

was determined to be Plaintiff's failure to report, as she knew to be required [T. 30], all but one of the periodic increases in her teacher pension benefits.  [T. 19].

## IV.  DISCUSSION

Plaintiff proffers no specific argument on appeal.  Instead, her counsel rests on her *pro se* arguments before ALJ Avots.  [Doc. 15 p. 4]. Those form no basis for the Court's review, as they suggest no error by the ALJ that the Court could review.   However, "allegations [ ] devoid of the assertions of fact and legal authority needed to give the Court any sense of what he specifically challenges about the decision.  . . . 'It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.'  U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)." Penley v. Astrue, 1:08cv534.  Plaintiff's Motion for Summary Judgment is subject to denial for these failings.

Notwithstanding the deficiencies in Plaintiff's motion, Defendant has filed a Motion for Judgment on the Pleadings [Doc. 20], and suggests these issues on appeal:

A.    Whether Plaintiff attained Full Retirement Age at 62.
B.    Whether Plaintiff's Teacher Pension Increases were Subject to the Government Pension Offset.

C.   Whether the Social Security Administration Properly Calculated Plaintiff's Husband's Primary Insurance Amount.
D.   Whether the Social Security Administration Properly Calculated her Wife's Benefits.
E.   Whether the Social Security Administration Properly Performed its Rounding.


A.   **The ALJ's findings of fact and conclusions of law as related to Plaintiff's attainment of full retirement age follow applicable law and are supported by substantial evidence.**

Plaintiff argues that the ALJ improperly affirmed the Agency's calculation of a 20% reduction to her Primary Insurance Amount (PIA) due to her then age of 62.  She essentially alleges that the Windfall Elimination Provision's terms define a 62 year old person as having attained full retirement age.

Plaintiff, however, is incorrect in this argument.  The Windfall Elimination Provision ("WEP") does not define full retirement age for the purposes of calculating Social Security retirement benefits; its limited intent is to prevent "double dipping."  *See, e.g.* Stroup v. Barnhart, 327 F.3d 1258, 1259 (11th Cir. 2003).  The WEP only references the age of 62 to include within its restrictions, benefits payable to persons of that age.  42 U.S.C.A. § 415(a)(7)(A).

Full retirement age for purposes of Social Security retirement benefits is established by 42 U.S.C. § 402 and 42 U.S.C. § 416(l) for Plaintiff's

eligibility for retirement benefits under her own earnings record, and by 42 U.S.C. § 402(q) for her eligibility for wife's benefits. Both define full retirement age, as Plaintiff uses the concept, as age 65. Since she applied for and received both forms of benefits while under the age of 65, she had not then attained full retirement age.

Because the calculations of the Agency, affirmed by the ALJ, applied the proper retirement age provision, Plaintiff demonstrates no error as to this issue.

**B.    The ALJ's findings of fact and conclusions of law as related to applicability of the Government Pension Offset to Plaintiff's teacher pension follow applicable law and are supported by substantial evidence.**

Plaintiff argues that the Government Pension Offset ("GPO") provision, which reduces her Social Security retirement benefit by reference to her teacher pension benefit, should not have applied to effect additional reductions when her teacher pension payments were increased by Cost of Living Adjustments ("COLAs") or by inflation in the pension assets' value. With this argument, Plaintiff misapprehends the effect of the GPO, codified as 42 U.S.C. §402(k)(5)(A):

> The amount of a monthly insurance benefit of any individual for each month under subsection (b), (c), (e), (f), or (g) of this section (as determined after application of the provisions of subsection (q) of this section and the preceding provisions of this

subsection) shall be reduced (but not below zero) by an amount equal to two-thirds of the amount of *any* monthly periodic benefit payable to such individual for such month which is based upon such individual's earnings while in the service of the Federal Government or any State (or political subdivision thereof, as defined in section 418(b)(2) of this title) if, during *any* portion of the last 60 months of such service ending with the last day such individual was employed by such entity--

(i) such service did not constitute "employment" as defined in section 410 of this title, or

(ii) such service was being performed while in the service of the Federal Government, and constituted "employment" . . .

(emphasis added).

The GPO does not call upon the Commissioner to look solely at the first eligible month's benefit, but to look at each month's benefit payable under both the Social Security Act and the teacher pension, for calculation. From month to month, whether the teacher pension benefit is increased, decreased, or unchanged, the GPO is calculated therefrom. 42 U.S.C. 402(k)(5)(a). As Plaintiff has shown no deviation from applicable law in the Agency's calculations, Plaintiff demonstrates no error.

Defendant observes an implied argument by the Plaintiff that she should be excused from her failure to report some of the increases in her teacher pension from COLAs and asset inflation, and accordingly excused

from the Agency's related overpayment of benefits.  Absence of fault can avoid overpayment recoupment obligations in some instances.  20 C.F.R. § 404.507, 404.510.  Plaintiff, however, signed an acknowledgment of her obligation to so report.  [T. 88].  She only excuses non-reporting by arguing that no one *reminded* her. [T. 89-90].  Plaintiff cites to no provision or authority placing an obligation in the SSA to make such reminders.  As the recipient of the increases, Plaintiff was charged with knowledge thereof.  These form substantial evidence supporting the ALJ's not finding her within an exception to the fault provisions.

**C.**   **The ALJ's findings of fact and conclusions of law as related to calculations of Plaintiff's husband's Primary Insurance Amount follow applicable law and are supported by substantial evidence.**

Plaintiff asserts that ALJ Hauser corrected a miscalculation in his decision, reducing the Agency's claim of overpayment by $2,550.00.  This, however, is not present in ALJ Hauser's decision [T. 166-7] or elsewhere.

More generally, Plaintiff asserts that the Agency miscalculated her husband's Primary Insurance Amount.  Defendant's brief thoroughly explains the statutory scheme for calculation of the Primary Insurance Amount, [Doc. 21 p. 11], and the Agency's accurate performance thereof.  Plaintiff points to no specific error in the Agency's calculation.  Therefore, ALJ Avots' decision affirming the Agency's finding was supported by

substantial evidence.

**D.    The ALJ's findings of fact and conclusions of law as related to calculations of Plaintiff's "wife's benefits" follow applicable law and are supported by substantial evidence.**

Plaintiff claims two errors were made in the calculation of her "wife's benefits."

First, she alleges that they should have been re-calculated each time her husband's benefits increased, with her base amount being tied to his increases.  In not being so recalculated, she claims she was prejudiced by the exclusion of those increases.  [Doc. 15 p. 3].  Defendant's retort, that Plaintiff's "wife's benefits" were in fact re-calculated each time her husband's benefits increased (via COLAs) is supported by the record.  [T. 77].  As Plaintiff's allegation is not supported by the record, it is deemed erroneous and does not demonstrate error by the ALJ.

Second, the Plaintiff alleges that her "wife's benefits" were not subject to the age reduction when she drew them at age 64 years 3 months.  [Doc. 15 p. 4].  She offers here no authority for rehashing this theory which she also alleged within her argument against the calculation of her Primary Insurance Amount.  For the reasons stated in subsection A, *supra*, the application of age reduction in the calculation that the ALJ affirmed was supported by substantial evidence.

**E.   The ALJ's findings of fact and conclusions of law as related to rounding calculations follow applicable law and are supported by substantial evidence.**

Plaintiff argues that the Agency's taking out an extra $1.00 in its rounding calculation was error.  [Doc. 15 p. 4, T. 98].

As Defendant points out, her argument stems from a misapprehension that the statute prevents rounding by more than $1.00 (T. 227).  Plaintiff's interpretation is defied by the explicit language of the rounding statute, which reads as follows:

> (g) Rounding of benefits:
> The amount of any monthly benefit computed under section 402 or 423 of this title which (after any reduction under sections 403(a) and 424a of this title and any deduction under section 403(b) of this title, and after any deduction under section 1395s(a)(1) of this title) is not a multiple of $1 shall be rounded to the next lower *multiple of* $1.

42 U.S.C. 415(g) (emphasis added).

Plaintiff offers nothing to reconcile the difference between her preferred interpretation of the statute and its explicit language.  The Court concludes that ALJ Avots' decision affirming the Agency's rounding calculation followed applicable law and was supported by substantial evidence.

Further, her calculations of record do not demonstrate that her interpretation would, if it prevailed, result in more than a *de minimus*

change in the amount of overpayment calculated by the Agency and affirmed by ALJ Avots.  An error that has no practical effect on the outcome of the case is not cause for reversing the Commissioner's decision. DeWalt v. Astrue, 2009 WL 5125208 (D.S.C.,2009), citing Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir.1987).  *See also,* Gay v. Sullivan, 986 F.2d 1336, 1341 n. 3 (10th Cir. 1993) (denying remand because "[t]his court has held that certain technical errors were "minor enough not to undermine confidence in the determination of [the] case.").

## VII.  CONCLUSION

For the foregoing reasons, the Court concludes that the ALJ applied the correct legal standards, and that there is substantial evidence to support the ALJ's decision that the Program Service Center's 2006 Reconsideration Determination that Plaintiff was overpaid by $9,322.00 in Retirement Insurance Benefits, was correct.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Judgment on the Pleadings [Doc. 20] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 14] is **DENIED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: January 31, 2011

Martin Reidinger
United States District Judge